CINCINNATI INSURANCE COMPANY, APPELLEE, *v.* ANDERS
ET AL.; HASTINGS ET AL., APPELLANTS.

GUIDEONE MUTUAL INSURANCE COMPANY, APPELLEE,
*v.* RENO ET AL., APPELLANTS, ET AL.

[Cite as *Cincinnati Ins. Co. v. Anders,*
99 Ohio St.3d 156, 2003-Ohio-3048.]

(Nos. 2002–0248 and 2002–1030—Submitted February
11, 2003—Decided June 25, 2003.)

MOYER, C.J.

## I. Facts

### A. Cincinnati Insurance Company v. Anders

{¶ 1} Appellants, Roger and Jenny Hastings, appeal from the judgment of the Greene County Court of Appeals affirming the trial court's declaratory judgment in favor of appellee, Cincinnati Insurance Company ("CIC").

{¶ 2} This case is related to a complaint filed by Jeffrey and Julie Anders against the Hastingses, alleging that the Hastingses failed to disclose structural, electrical, mechanical, and plumbing defects in the home they sold to the Anderses. The only damage the Anderses put at issue in the appeal was

allegedly caused by installation of fiberglass insulation with the vapor barrier on the wrong side, leading to the eventual deterioration of the floor joists.

{¶ 3} The Hastingses requested that their insurer, CIC, provide them with legal representation pursuant to their homeowner's insurance policy and its umbrella endorsement. After considering the complaint against the Hastingses, CIC refused to provide a defense against any of the Anderses' nine claims. Thereafter, the trial court granted the Hastingses' motion for summary judgment with respect to all of the Anderses' claims except those for breach of contract and unjust enrichment.

{¶ 4} CIC then filed a complaint in the Common Pleas Court of Greene County for declaratory judgment against both the Hastingses and the Anderses, seeking a determination that it was not required under the homeowner's policy with its umbrella endorsement to defend the Hastingses against the claims of the Anderses. The Hastingses filed a counterclaim for a declaration that they had a right to a defense on the claim of negligent misrepresentation in the underlying action as well as a claim for bad faith. The trial court declared that neither the basic homeowner's policy nor its liability umbrella endorsement required CIC to provide a defense against any of the claims asserted by the Anderses against the Hastingses.

{¶ 5} The Court of Appeals for Greene County affirmed, holding that "the Anders' [sic] claims against the Hastings [sic] were not arguably or potentially within the scope of the policy, and CIC did not have a duty to defend." Thereafter, the court of appeals recognized that this holding was in conflict with *Spalding v. Aetna Cas. & Sur. Co.* (Oct. 11, 1994), Stark App. No. CA 9429, 1994 WL 590438. Accordingly, on March 20, 2002, we determined that a conflict existed and ordered the parties to brief the following issue:

{¶ 6} "Whether insurance policies covering personal injuries arising out of property damage provide coverage to homeowners who are sued for their negligent failure to disclose to purchasers damage to the property that occurred during the sellers' occupancy."

{¶ 7} This cause is now before this court upon our determination that a conflict exists.

### B.   GuideOne Mutual Insurance Company v. Reno

{¶ 8} Appellants, Lee and Melanie Reno, appeal from the judgment of the Greene County Court of Appeals affirming a declaratory judgment by the Common Pleas Court of Greene County in favor of appellee, GuideOne Mutual Insurance Company ("GuideOne").

{¶ 9} In 1998, Jeffrey Cooper purchased a home from the Renos, which he later alleged had extensive structural damage caused by termite infestation.

Cooper sued the Renos, asserting claims of intentional fraudulent misrepresentation and concealment, negligent or reckless misrepresentation, and civil conspiracy to conceal.

{¶ 10} The Renos owned a homeowner's insurance policy issued by GuideOne. Counsel for the Renos sent GuideOne a letter asking GuideOne to provide a legal defense for the Renos against Cooper's claims. GuideOne began investigating the matter and soon informed the Renos that it had retained counsel to represent them in the Cooper case. Within three weeks, however, GuideOne also sent a "reservation of rights" letter to the Renos, emphasizing that it was not waiving its right to deny coverage and concluding on available information that despite its previous correspondence, it had no duty to defend the Renos against Cooper's claims.

{¶ 11} GuideOne filed a complaint for a declaratory judgment that its policy issued to the Renos created no legal duty to defend against the Cooper claims. The declaratory judgment action was consolidated with Cooper's underlying action against the Renos, and the trial court granted GuideOne's motion for summary judgment in the declaratory judgment action.

{¶ 12} The Renos appealed, and the Greene County Court of Appeals affirmed, stating that "the claims for which GuideOne's policy provides coverage must arise out of a negligent act or omission of the Renos that causes the property damage alleged, and that's not what Cooper alleged in his lawsuit against the Renos."

{¶ 13} The Greene County Court of Appeals certified the same issue that it had certified in *Cincinnati Ins. Co. v. Anders*, and we accepted jurisdiction and consolidated the cases for disposition.

## II. Analysis

{¶ 14} The certified question is, "Whether insurance policies covering personal injuries arising out of property damage provide coverage to homeowners who are sued for their negligent failure to disclose to purchasers damage to the property that occurred during the sellers' occupancy." We answer this question in the negative.

{¶ 15} The insurance policies at bar provided that if suit were brought against an insured for damages to a third party arising from an "occurrence," the insurer would provide the policy holder with a legal defense.

{¶ 16} The certified question requires us to determine the scope of the coverage provided by the insurance policies and whether the claims against the insureds are included in the coverage. We have previously analyzed similar insurance policies to determine an insurer's duty to defend.

{¶ 17} In *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874, this court held that under a liability insurance policy the

scope of the allegations in the complaint against the insured determines whether an insurance company has a duty to defend the insured. We held that "where the complaint brings the action within the coverage of the policy the insurer is required to make defense, regardless of the ultimate outcome of the action or its liability to the insured." Id. at paragraph two of the syllabus.

{¶ 18} We expanded on *Motorists* in *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555, stating that "the duty to defend need not arise solely from the allegations in the complaint but may arise at a point subsequent to the filing of the complaint." Id. at 179, 9 OBR 463, 459 N.E.2d 555. Where the allegations state a claim that falls either potentially or arguably within the liability insurance coverage, the insurer must defend the insured in the action. Id. at 180, 9 OBR 463, 459 N.E.2d 555.

{¶ 19} The *Willoughby Hills* policy stated that the insurance company would indemnify the insured against liability for damage caused by an "occurrence" and would defend against any action against the insured seeking damages resulting from an occurrence " 'even if any of the allegations of the suit are groundless, false or fraudulent.' " *Willoughby Hills,* 9 Ohio St.3d at 177, 9 OBR 463, 459 N.E.2d 555, quoting the insurance policy.

{¶ 20} In *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118, the court distinguished *Willoughby Hills.* In *Preferred Risk,* the insurance company sought a declaratory judgment that it had no duty to defend an insured against a tort claim framed in terms of negligence brought by the parents of a child murdered by the insured. The insurance company denied coverage, as the policy in question expressly excluded coverage for any intentional act, and intent was an element of the crime of which the insured had been convicted.

{¶ 21} We held that allegations in the complaint did not justify the application of the *Willoughby Hills* rule by stating, "[W]here the conduct which prompted the underlying * * * suit is so indisputably outside coverage, we discern no basis for requiring the insurance company to defend or indemnify its insured simply because the underlying complaint alleges conduct within coverage." *Preferred Risk,* 30 Ohio St.3d at 113, 30 OBR 424, 507 N.E.2d 1118. In distinguishing *Preferred Risk* from *Willoughby Hills,* we also observed that unlike the policy in *Willoughby Hills,* the *Preferred Risk* policy did not contain language promising to defend the insured against groundless, false, or fraudulent claims. Id. at 114, 30 OBR 424, 507 N.E.2d 1118.

## A. Cincinnati Insurance Company v. Anders

{¶ 22} The liability section of the CIC homeowner's policy issued to the Hastingses reads as follows:

{¶ 23} "If a claim is made or a suit is brought against any insured for damages because of bodily injury, personal injury, or property damage arising out of an occurrence to which this coverage applies, we will:

{¶ 24} "a. pay up to our limit of liability for the damages arising out of bodily injury, personal injury, or property damage for which the insured is legally liable; and

{¶ 25} "b. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent."

{¶ 26} The underlying claim still at issue is that the Hastingses should have known of the damage to the joists before the sale of the home and negligently failed to disclose this information.

{¶ 27} Only property damage is at issue here, not bodily injury or personal injury. The policy defines "property damage" as "physical injury to or destruction of tangible property, including loss of use of this property." CIC must defend the Hastingses if the Hastingses are sued for property damage arising out of an occurrence.

{¶ 28} The Hastingses argue that the insurance policy language is clear on its face and so comprehensive that the underlying claims are clearly within the scope of coverage. We are not persuaded.

{¶ 29} The policy defines "occurrence" as

{¶ 30} "an accident, including exposure to conditions, which results, during the policy period, in:

{¶ 31} "a. bodily injury,

{¶ 32} "b. property damage,

{¶ 33} "c. personal injury."

{¶ 34} Common words in a contract will be given their ordinary meaning unless manifest absurdity results or unless some other meaning is clear from the face or overall contents of the agreement. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph two of the syllabus; *Shifrin v. Forest City Ent., Inc.* (1992), 64 Ohio St.3d 635, 638, 597 N.E.2d 499.

{¶ 35} For liability coverage to exist, the property damage must "aris[e] out of an occurrence," that is, an accident resulting in property damage. The property damage in this case was alleged to have been caused by the faulty installation of insulation. The occurrence for purposes of the policy was not the nondisclosure of the damage.

{¶ 36} The alleged negligent nondisclosure of the structural damage was not an accident that resulted in property damage but, rather, an accident that allegedly caused economic damages. The actual accident was the faulty installation of the

insulation, leading to the structural deterioration of the house. The underlying claims of the Anderses against the Hastingses pertain to the nondisclosure of the damage, not the damage itself. Therefore, the underlying claims are outside the scope of the CIC policy.

{¶ 37} Having determined that CIC had no duty to defend the Hastingses under their basic homeowner's policy, we next determine whether it had a duty to defend under the umbrella liability endorsement.

{¶ 38} The Hastingses' umbrella endorsement was also issued by CIC and contains liability coverage similar to that provided in the homeowner's policy. The umbrella endorsement states that CIC will provide a defense against liability for property damage caused by an occurrence. "Occurrence" is defined as "an accident, happening, event or series of related events that unexpectedly or unintentionally causes Personal Injury or Property Damage during the endorsement period."

{¶ 39} The same analysis we applied to the homeowner's policy is applicable to the umbrella endorsement. The underlying claims do not meet the requirement of arising out of or being caused by an occurrence. CIC has no duty to defend the Hastingses under the endorsement.

### B. GuideOne Mutual Insurance Company v. Reno

{¶ 40} The liability portion of the Renos' homeowner's insurance policy reads as follows:

{¶ 41} "If a claim is made or a suit is brought against an 'insured' for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies, we will:

{¶ 42} "1. Pay up to our limit for the damages for which the 'insured' is legally liable.  * * *

{¶ 43} "2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent."

{¶ 44} The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

{¶ 45} "a. 'Bodily injury'; or

{¶ 46} "b. 'Property damage.' "

{¶ 47} The Renos' liability policy, issued by GuideOne, is similar to the Hastingses' CIC policy. All of the policies require that the damage must arise out of or be caused by an occurrence. In the Renos' case, the property damage was allegedly caused by termite infestation.

{¶ 48} As with the Hastingses' policies, we must determine whether Cooper's underlying claims fall within the scope of the Renos' policy coverage. These claims are for intentional fraudulent misrepresentation and concealment, negligent or reckless misrepresentation and concealment, and civil conspiracy to defraud. These claims all relate to the allegation that the Renos knew or should have known of the defective conditions prior to the sale of the home and that they are liable for having failed to disclose those facts.

{¶ 49} The Renos argue that these underlying claims qualify as an occurrence. We conclude that the alleged nondisclosure did not cause the damage and is therefore not within the coverage of the policy. As we have previously determined, the nondisclosure of the infestation is not the occurrence; the infestation is the occurrence. GuideOne has no duty to defend the Renos against Cooper's claims.

{¶ 50} The Renos also argue that the policy provision stating that GuideOne would provide a defense even if the suit is "groundless, false, or fraudulent" brings Cooper's underlying claims within the coverage of the insurance policy. Again we disagree.

{¶ 51} Since our holding in *Preferred Risk*, it is still the law that if the conduct alleged in a complaint is indisputably outside the scope of coverage, there is no duty to defend. The fact that the Renos' policy contains more inclusive language than what was present in the *Preferred Risk* policy does not change our preceding analysis regarding how to determine whether the underlying claims are covered by the Renos' policy. If the insurance company is to be required to provide a defense for its policy holder, the underlying claims must at least arguably fall within the coverage of the policy.

{¶ 52} For the foregoing reasons, the judgments of the court of appeals are affirmed.

Judgments affirmed.

RESNICK, F.E. SWEENEY, PFEIFER, MCMONAGLE, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

TIMOTHY E. MCMONAGLE, J., of the Eighth Appellate District, sitting for COOK, J.

---

Mary S. Peterson, for appellee Cincinnati Insurance Company.

Boyk & Crossmock, L.L.C., Steven L. Crossmock and John B. Huber, for appellants Roger and Jenny Hastings.

Davis & Young, L.P.A., and David J. Fagnilli, urging affirmance for amicus curiae Complex Insurance Claims Litigation Association.

John E. Breidenbach and Steven E. Bacon, for appellee GuideOne Insurance Company.

Haffey & Segreti and A. Mark Segreti Jr., for appellants Lee and Melanie Reno.