OPINION
{¶ 1} Defendant-appellant, Milwaukee Insurance Company ("Milwaukee"), appeals the decision of the Butler County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Westfield Insurance Company ("Westfield").
 {¶ 2} On May 23, 1996, John and Evonne Byma entered into a construction contract with Michael A. Readnower. In the contract, Readnower agreed to build a new home for the Bymas. The home was completed in 1996.
 {¶ 3} During the construction, and through August 11, 1998, Readnower was insured by Milwaukee under a commercial general liability insurance policy. After August 11, 1998, Readnower was insured by Westfield. Both policies cover property damage "caused by an occurrence * * * during the policy period." Both policies define an occurrence as "an accident, including continuous or repeated exposure to the same general harmful conditions."
 {¶ 4} In early 2003, the Bymas discovered that the home had suffered damage from exposure to water. They brought suit alleging that the damage was caused when Readnower failed to construct the home in a workmanlike manner in 1996. The suit alleged fraud, breach of contract, negligence, negligent misrepresentation, product liability, and a violation of the Consumer Sales Practices Act ("CSPA").
 {¶ 5} Readnower notified Westfield, his present insurer, of the suit, and Westfield sought to compel Milwaukee to share the burden of defending the suit. Both parties filed motions for summary judgment. The trial court denied Milwaukee's motion, and granted judgment in Westfield's favor on the issue of Milwaukee's duty to defend in the Bymas' suit against Readnower. On appeal, Milwaukee raises five assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "The Trial Court Erred By Failing To Consider The Threshold Requirement Of Whether The Alleged Property Damage Occurred `During the Policy Period' of [Milwaukee's] GCL."
 {¶ 8} In its first assignment of error, Milwaukee contends the trial court erred in granting Westfield summary judgment on the duty to defend issue because the damage to the home did not manifest during the policy period.
 {¶ 9} Summary judgment is proper where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. We review the granting of a summary judgment motion de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296.
 {¶ 10} To begin, there are several theories for determining when coverage under an occurrence-based liability insurance policy is "triggered." If coverage is triggered when property damage becomes known to the owner, the trigger-theory of coverage is often referred to as the "manifestation trigger." If coverage is triggered when the damage first occurs, the trigger is known as the "injury-in-fact" trigger. The "exposure trigger" theory is used if coverage is triggered when the first injury-causing conditions occur. If the coverage of multiple policies in effect over a period of time is triggered, the term "continuous trigger" or "continuous injury trigger", or "triple trigger theory" is often used. See, generally, Owens-Corning Fiberglas Corp. v. Am. CentennialIns. (C.P. 1995), 74 Ohio Misc.2d 183; GenCorp, Inc. v. AIU Ins. Co.
(N.D. Ohio 2000), 104 F.Supp.2d 740; Dow Chemical Co. v. AssociatedIndem. Corp. (E.D.Mich. 1989), 724 F.Supp. 474.
 {¶ 11} Milwaukee seems to maintain that Ohio always follows the manifestation trigger theory for determining whether an insurer is obligated to indemnify its insured, and that pursuant to the manifestation trigger, or rule, it has a duty to defend and is liable under the policy it issued to Readnower only for damage which manifested
during the policy period. The Bymas did not discover water damage to their home until early 2003. Consequently, Milwaukee contends, it has no duty to defend in the present action.
 {¶ 12} In support of its position that the manifestation rule applies to the case at bar, Milwaukee primarily relies on Cleveland Bd. Of Ed.V.R.J. Stickle Int'l. (1991), 76 Ohio App.3d 432. In Stickle, the underlying case involved the faulty installation of a roof on a school by a construction subcontractor. The subcontractor installed the roof in 1974. The roof began leaking in 1975, and it continued leaking until 1988. During the period from 1975 to the end of 1988, the subcontractor was insured by five different general liability insurance carriers.
 {¶ 13} The Stickle court held that "in situations where the resulting damage does not manifest itself until a period of time has passed and a new carrier is on the risk, the insurer on the risk when the first visible or discoverable manifestations of damage occur must pay the entire claim." Id. at 437. The Stickle court cited no authority, however, in support of this proposition, and it characterized this statement of law as an alternative holding.
 {¶ 14} Moreover, addressing the facts of the case before it, the court did not even need to apply its alternative statement of the law. Noting that it was known as early as 1975, one year after construction, that the roof was leaking, the court held and applied the rule that in a situation where damage manifests itself immediately and continues unabated into a successive carrier's coverage period, all insurers subsequent to the date the damage becomes known are absolved of any liability. Id. In the case at bar, the damage was not known and did not manifest until 2003, seven years after the Bymas' home was constructed.
 {¶ 15} Milwaukee also relies on another factually dissimilar case,Reynolds v. Celina Mut. Ins. (Feb. 16, 2000), Lorain App. No. 98CA007268, discretionary appeal not allowed (2000), 89 Ohio St.3d 1430, for the proposition that "[t]he date for determining whether property damage falls within the coverage period of an occurrence policy is when the first visible or discoverable manifestations of damage occur." InReynolds, the homeowner discovered damage to the home in 1987, and sought to recover under a policy with an effective date of January 1, 1988. TheReynolds court concluded that the insurer was not obligated under the policy as it was undisputed that the damage occurred and was discovered prior to the policy's effective date. Again, the Reynolds court was not faced with a situation involving continuing exposure resulting in damage over the course of time. Instead, the court addressed damage that occurred, and was discovered, while covered by one policy.
 {¶ 16} In support of its contrary position that the continuous trigger approach is better suited to determining liability under occurrence-based policies, Westfield cites to a number of cases from other jurisdictions. In factually analogous cases, these courts have concluded that where a structure suffers damage of a continuing nature, coverage must be apportioned between the insurance carriers that insured the property during the course of the damage. See Gruol Construction Co., Inc., v.Insurance Co. of North America (1974), 11 Wash.App. 632; Lac D'AmianteDu Quiebec, Ltee v. American Home Assur. Co. (D.C.N.J. 1985),613 F.Supp. 1549; and Trizec Properties v. Biltmore Constr. Co.
(C.A.11, 1994), 767 F.2d 810.
 {¶ 17} Construing policy language similar to that in the present case, the court in Trizec Properties noted that "there is no requirement that the damage `manifest' itself during the policy period. Rather, it is the damage itself which must occur during the policy period for coverage to be effective." 767 F.2d at 813.
 {¶ 18} In the only factually similar Ohio case, the Sixth District Court of Appeals applied a continuous trigger approach. See HartfordIns. Co. v. Commercial Union Ins. Co. (June 15, 1979), Erie App. No. E-79-6. In Hartford, a property owner recovered a judgment against the city of Sandusky for damages his property sustained over the course of nearly 20 years as a result of "a continuing underground trespass of city water." The court of appeals held that, because of the continuing nature of the damage, liability had to be apportioned between the several insurers that had insured the city over the span of years during which the damage occurred.
 {¶ 19} Upon reviewing both the policy Milwaukee issued to Readnower, and the allegations stated in the underlying complaint filed by the Bymas, we find this line of reasoning presents the better approach to this case. While Milwaukee points to seemingly on-point, black letter law to support its position that Ohio has adopted the manifestation rule, the law it relies on is drawn from cases which are factually inapposite to the instant case. Applying the continuous trigger theory to the instant case, we find a question of fact exists as to whether any damage occurred during Milwaukee's policy period. Accordingly, Milwaukee's first assignment of error is overruled.
 {¶ 20} For its second, third, and fourth assignment of errors, Milwaukee assigns the following:
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} "The trial court erred by holding that coverage was potentially triggered in absence of an occurrence."
 {¶ 23} Assignment of Error No. 3:
 {¶ 24} "The trial court erred by failing to recognize that any alleged coverage is excluded."
 {¶ 25} Assignment of Error No. 4:
 {¶ 26} "The trial court erred by failing to hold that no coverage is afforded for fraud and CSPA violations."
 {¶ 27} All three of the foregoing assignments of error were initially raised as arguments in Milwaukee's memorandum in support of its motion for summary judgment. The arguments they raise address the issue of whether the damage to the Bymas' home falls within the coverage of the general commercial liability policy Milwaukee issued to Readnower. The trial court denied Milwaukee's summary judgment motion for the sole reason that the memorandum in support of the motion exceeded 15 pages in length in violation of Butler County Local Rule 3.06(d). Consequently, the trial court did not address the merit of these arguments.
 {¶ 28} Westfield argues that because these issues were not properly raised and addressed at the trial level, they are not properly before this court. We agree with Westfield that assignments of error 2, 3, and 4 are not before this court because they were not addressed by the trial court. Accordingly, all three assignments of error are overruled. SeeSchade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207; Schneider v.Schneider (Jan. 22, 2001), Butler App. No. CA2000-05-089.
 {¶ 29} Assignment of Error No. 5:
 {¶ 30} "The trial court erred by shifting the burden of proof and assuming facts not in evidence."
 {¶ 31} In its fifth assignment of error, Milwaukee argues that the trial court erred by not requiring Westfield to prove the cause and timing of the damages at issue in the underlying suit by way of Civ.R. 56(C) evidence. We disagree.
 {¶ 32} "The test of the duty of an insurance company, under a policy of liability insurance, to defend an action against an insured, is thescope of the allegations of the complaint in the action against the insured, and where the complaint brings the action within the coverage of the policy the insurer is required to make a defense, regardless of the ultimate outcome of the action or its liability to the insured." (Emphasis added.) Motorists Mut. Ins. Co. v. Trainor (1973),33 Ohio St.2d 41, paragraph two of the syllabus. See, also, CincinnatiInsurance Co. v. Anders, 99 Ohio St.3d 156, 2003-Ohio-3048.
 {¶ 33} An insurance company that becomes obligated to defend based on the allegations of a complaint in an underlying suit may relieve itself of that duty, however, if, through its own investigation and production of evidence, it demonstrates that the true facts of the underlying suit fall outside policy coverage. See Preferred Risk Ins. Co. v. Gill
(1987), 30 Ohio St.3d 108 (holding that where a suit is brought against an insured alleging facts within policy coverage, an insurer may proceed to demonstrate that the facts alleged differ from the actual facts ascertained by the insurer, and that the actual facts remove the insured's conduct from coverage).
 {¶ 34} In the instant case, the pleadings in the underlying suit stated a claim that is potentially within policy coverage, triggering Milwaukee's duty to defend. From that point, the burden was on Milwaukee to demonstrate the true facts of the underlying suit removed Readnower's conduct from coverage, not Westfield. Accordingly, Milwaukee's contention that the trial court erred by not requiring Westfield to prove the facts of the underlying suit is without merit, and the fifth assignment of error is overruled.
 {¶ 35} Judgment affirmed.
Young and Bressler, JJ., concur.
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.