**LIPKER, Appellee,**

**v.**

**DOSECK, Appellee;**

**American Standard Insurance Company, Appellant.**

[Cite as *Lipker v. Doseck*, 176 Ohio App.3d 89, 2008-Ohio-1756.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22362.

Decided April 11, 2008.

J. Pierre Tismo, for appellee.

B. Randall Roach, for appellee.

Bryan J. Mahoney, for appellant.

WOLFF, Presiding Judge.

{¶ 1} American Standard Insurance Company ("American") appeals from a judgment of the Montgomery County Court of Common Pleas that denied American's motion for summary judgment on its declaratory-judgment cross-claim against Ryan R. Doseck. American had sought a declaratory judgment that it had no duty to defend and indemnify Doseck against Edward Lipker's personal-injury claim. For the following reasons, the judgment is reversed.

I

{¶ 2} On October 14, 2003, Edward Lipker was a passenger in a 2003 Chevrolet Cavalier that he owned. Ryan Doseck was the driver. While driving on Interstate 70 in Clark County, Doseck allegedly negligently failed to maintain control of the vehicle, causing a collision. Lipker suffered bodily injuries.

{¶ 3} Between May 16, 2003, and October 15, 2003, Lipker was the policyholder and named insured on an automobile insurance policy issued by American. The policy covered Lipker's 2003 Chevrolet Cavalier. Doseck did not have insurance at the time of the accident.

{¶ 4} On September 22, 2005, Lipker brought suit against Doseck and American. On January 23, 2007, American filed an amended answer, which asserted a cross-claim against Doseck. American sought a declaratory judgment that it had no duty to defend or indemnify Doseck with regard to the automobile accident because the policy did not provide coverage for bodily injury to Lipker, the named insured. Although Doseck requested and received an extension to file an answer to the cross-claim, no responsive pleading was filed. On May 15, 2007, American moved for summary judgment on its cross-claim, to which Doseck responded. On August 3, 2007, the trial court overruled American's motion for summary judgment on the cross-claim. Pursuant to Civ.R. 54(B), the trial court certified that there was no just reason for delay.

{¶ 5} American appeals, raising two assignments of error.

II

{¶ 6} American's first assignment of error states:

{¶ 7} "Appellant is entitled to the declaratory relief it requested. Under the clear and ambiguous terms of the insurance contract issued by appellant to plaintiff Edward Lipker, appellee is not entitled to a defense nor indemnity. The trial court erred when it overruled appellant's summary judgment motion and found appellant has a duty to defend and indemnify appellee for claims brought against appellee by plaintiff Edward Lipker."

{¶ 8} In its first assignment of error, American claims that the trial court erred in finding that it was required under the policy to defend the claim against Doseck.

{¶ 9} " 'An insurance policy is a contract in which the insurer promises to indemnify the insured for losses incurred by the insured which arise out of the occurrence of a risk identified in the policy.' *GuideOne Mut. Ins. Co. v. Reno,* Greene App. No. 01–CA–68, 2002-Ohio-2057, 2002 WL 857682, affirmed sub nom. *Cincinnati Ins. Co. v. Anders,* 99 Ohio St.3d 156, 2003-Ohio-3048, 789 N.E.2d 1094. The insurer's promise to indemnify is separate and distinct from its obligation to defend an insured in an action, and the duties are triggered by different events. Id. 'The duty to indemnify is triggered by the insured's actual legal liability. The duty to defend is a prior duty that's triggered by the insured's demand that the insurer provide a defense to a claim of alleged liability.' Id.

{¶ 10} " 'A liability insurer's obligation to its insured arises only if the claim falls within the scope of coverage.' *Cincinnati Indemn. Co. v. Martin* (1999), 85 Ohio St.3d 604, 605, 710 N.E.2d 677. An insurer has a duty to defend the insured '[w]here the allegations state a claim that falls either potentially or arguably within the liability insurance coverage.' *Anders,* 99 Ohio St.3d 156, 2003-Ohio-3048, 789 N.E.2d 1094, at ¶ 18. Conversely, '[t]he insurer need not provide a defense if there is no set of facts alleged in the complaint which, if proven true, would invoke coverage.' *Martin,* 85 Ohio St.3d at 605, 710 N.E.2d 677. Where the action alleged claims that fell within the insurance coverage yet the conduct that prompted the action 'is so indisputably outside coverage,' the insurer has no duty to defend, so long as the insurance policy only required the insurer to defend against claims to which the coverage applied. *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118. The duty to defend need not arise solely from the allegations in the complaint but may arise at a point subsequent to the filing of the complaint. *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555." *Twin Maples Veterinary Hosp. v. Cincinnati Ins. Co.,* 159 Ohio App.3d 590, 2005-Ohio-430, 824 N.E.2d 1027, ¶ 11–12.

{¶ 11} The liability coverage portion of the automobile policy issued by American to Lipker was set forth in Part I of the policy. Part I provided:

{¶ 12} "We will pay compensatory damages an insured person is legally liable for because of bodily injury and property damage due to the use of a car or utility trailer.

{¶ 13} *"We will defend any suit* or settle any claim *for damages payable under this policy* as we think proper." (Emphasis added.)

{¶ 14} The policy defined an "insured person" as (1) "You or a relative," and (2) "Any person using your insured car." "You" and "your" were defined as "the policyholder named in the declarations and spouse, if living in the same household." Lipker was the policyholder named on the declarations page.

{¶ 15} The policy also contained certain exclusions to liability coverage. The sixth exclusion stated that coverage did not apply to "[d]amage to property owned by, or in the charge of, an insured person." The tenth exclusion stated that coverage did not apply to bodily injury to the following persons:

{¶ 16} "a. Any person injured while operating your insured car;

{¶ 17} "b. You and any person related to you and residing in your household; or

{¶ 18} "c. Any person related to the operator and residing in the household of the operator."

{¶ 19} After reviewing the policy, the trial court rejected American's contention that it had no obligation to defend or indemnify Doseck due to the exclusion portion of Part I. The trial court stated: "Notably, this Court does not find it proper to bridge the gap that American Standard is asking; namely, that because Lipker's claims are for bodily injuries, and there is a bodily injury exclusion, that the exclusion somehow prevents Doseck from receiving a defense and indemnification from American Standard." The court thus concluded:

{¶ 20} "When the contract is read in its entirety, especially Part—I [sic] Liability Coverage, this Court finds the bodily injury exclusion highlighted by American Standard unpersuasive in light of the introductory paragraph allowing for the defense and indemnification of an insured person under the terms of the contract. Furthermore, Doseck fits within the definition of insured person under the Insurance Policy because he was driving Lipker's car and did so with his permission. The terms of the Insurance Policy are clear and unambiguous that Doseck is entitled to a defense and indemnification from American Standard."

{¶ 21} Although we agree with the trial court that the policy clearly indicates that Doseck was an insured due to his driving Lipker's vehicle with permission, we disagree that American has a duty to defend the claim against him. The policy provided that American would defend any claim for damages "payable under this policy." Although the duty to indemnify is separate from the duty to defend, American was required to defend Lipker's suit against Doseck only if Lipker's claim either potentially or arguably fell within the liability-insurance coverage. American has no duty to defend against a claim that was clearly and unambiguously excluded from coverage.

{¶ 22} Under the clear and unambiguous terms of the policy, bodily injuries to the named insured—Lipker—were excluded from coverage. Damage to Lipker's

property was also excluded from liability coverage. As noted by the trial court, Lipker's claim against Doseck was for bodily injuries and property damage. Because the policy clearly excluded from coverage bodily injury to Lipker and damage to Lipker's property, American had no duty to defend against Lipker's claim against Doseck. Accordingly, the trial court erred when it failed to grant summary judgment to American on its declaratory-judgment cross-claim against Doseck.

{¶ 23} The first assignment of error is sustained.

## III

{¶ 24} In its second assignment of error, American claims that the trial court erred in failing to grant a default judgment against Doseck on its cross-claim. At the time that the court denied American's request for summary judgment, Doseck had yet to file a responsive pleading to American's January 2007 amended answer and cross-claim. We note, however, that Doseck filed a motion for leave to answer the cross-claim instanter on July 16, 2007, approximately two weeks before the court denied American's summary judgment motion.

{¶ 25} In light of our disposition of American's first assignment of error, we find American's second assignment of error to be moot. The assignment of error is overruled.

## IV

{¶ 26} The judgment of the trial court is reversed.

Judgment reversed.

BROGAN and GRADY, JJ., concur.