CITY OF CLEVELAND, Appellant,

v.

VANDRA BROTHERS CONSTRUCTION, INC., et al., Appellees.

[Cite as *Cleveland v. Vandra Bros. Constr., Inc.*, 192 Ohio App.3d 298, 2011-Ohio-821.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 94733.

Decided Feb. 24, 2011.

Robert J. Triozzi, Cleveland Law Director, and Jerome A. Payne Jr., Assistant Law Director, for appellant.

Molly Steiber Harbaugh, for appellee Vandra Brothers Construction.

Davis & Young and Thomas W. Wright, for appellee Cincinnati Insurance Co.

MARY EILEEN KILBANE, Administrative Judge.

{¶ 1} Plaintiff-appellant, the city of Cleveland ("the city"), appeals the trial court's decision denying its motion for summary judgment and granting summary judgment in favor of defendants-appellees, Vandra Brothers Construction, Inc. ("Vandra") and Cincinnati Insurance Company ("Cincinnati") (collectively, "defendants"). Finding no merit to the appeal, we affirm.

{¶ 2} This appeal involves a coverage dispute filed by the city against the defendants, arising out of an accident that occurred on Western Avenue in Cleveland.

{¶ 3} In March 2004, James Dawson ("James") was traveling east on Western Avenue when he encountered a number of large potholes. An independent witness to the accident, Robert Derosett ("Derosett"), stated that he had been stopped at a traffic light at the intersection of Western Avenue and West 110th Street when he observed James traveling east on Western Avenue toward the intersection. He noticed that James was driving over potholes and crisscrossing lanes. Derosett stated, "I could actually see [James] hit potholes * * * and the car was jarring, [James] lost it again and went back like at a 20 degree angle beginning to crisscross the road again and when [James] came up he lost it [and struck a telephone pole]."

{¶ 4} After the accident, Derosett walked the route and observed that the roadway was rough. He described the potholes as craters and stated that they were existing potholes. He further described the condition of the street as deteriorating over time.

{¶ 5} James and his wife, Heidi, sued the city, Vandra (the company with whom the city had contracted to perform construction work on Western Avenue), and

various subcontractors of Vandra, asserting negligence claims.[1] The Dawsons allege that as James attempted to avoid the potholes, he lost control of his vehicle and struck the telephone pole. The Dawsons allege that the city breached its duty by negligently allowing a condition to exist on Western Avenue that was dangerous and rendered the street unsafe for ordinary travel. The Dawsons further allege that as the construction company working on Western Avenue, Vandra breached its duty to motorists by failing to provide proper signage, barricades, and warnings of the construction underway. James has no recollection of how the accident occurred.

{¶ 6} In December 2003, the city had entered into a contractual agreement with Vandra to rehabilitate Western Avenue. The contract contained this provision:

> [Vandra] shall indemnify, keep and save harmless the City * * * against all suits or claims that may be based upon any injury to person or property that may occur, or that may be alleged to have occurred in the course of the performance of this contract by [Vandra], whether or not it shall be claimed that the injury was caused through a negligent act or omission of [Vandra], and whether or not the persons injured or whose property was damaged were third parties * * *, and [Vandra] shall at his own expense defend [the City] in all litigation, pay all attorneys' fees and all costs and other expenses arising out of the litigation or claim incurred in connection therewith; and shall, at his own expense satisfy and cause to be discharged such [judgments] as may be obtained against the City[.]

{¶ 7} As a result, the city filed a complaint for declaratory relief against the defendants, seeking a declaration that Vandra owed it contractual indemnity and that Cincinnati, Vandra's insurer, owed the city insurance coverage as an additional insured on Vandra's policy.[2]

{¶ 8} Cincinnati and Vandra each moved for summary judgment.[3] Cincinnati argued that the additional insured endorsement on its insurance policy with Vandra ("Cincinnati policy") does not afford coverage to the city. Vandra argued that under R.C. 2305.31, it is prohibited from indemnifying the city. The city opposed both motions and filed its own motion for summary judgment, arguing

---

1. Heidi also asserted a loss-of-consortium claim. This lawsuit (CV–559391) was originally dismissed by the Dawsons in August 2007 and refiled in August 2008 (CV–668479).

2. The city originally filed its complaint for declaratory relief in March 2007 (CV–618639), but voluntarily dismissed the matter in October 2007. The city refiled its complaint for declaratory relief in January 2009 (CV–681593).

3. Vandra filed a third-party complaint against Utilicon Corporation (a subcontractor hired by Vandra), which was dismissed in December 2009.

that under the contract, Vandra has a duty to defend, indemnify, and hold the city harmless. The city further argued that it is entitled to coverage as an additional insured on Vandra's insurance policy with Cincinnati. The trial court denied the city's motion and granted both Cincinnati's and Vandra's motions. The court also declared that the Cincinnati policy does not afford coverage, defense, or indemnity to the city for the Dawsons' lawsuit and that the city's construction contract with Vandra does not provide for indemnification of the city for the Dawsons' lawsuit.

{¶ 9} The city now appeals, raising three assignments of error for review.

ASSIGNMENTS OF ERROR ONE AND TWO

The trial court erred when it denied [the city's] motion for summary judgment and granted [Vandra's] motion for summary judgment because the contractual language of the indemnity clause requires [Vandra] to defend, hold harmless and indemnify [the city].

*Standard of Review*

{¶ 10} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.* (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, as follows:

Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274.

{¶ 11} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138.

{¶ 12} The city argues that the plain language of the indemnity clause in its contract with Vandra requires that Vandra defend, indemnify, and hold the city harmless. It further argues that R.C. 2305.31 is inapplicable to political subdivisions. R.C. 2305.31 provides:

A covenant, promise, agreement, or understanding in, or in connection with * * * a contract or agreement relative to the design, planning, construction, alteration, repair, or maintenance of a * * * road, * * * including moving, demolition, and excavating connected therewith, pursuant to which contract or agreement the promisee * * * has hired the promisor to perform work, purporting to indemnify the promisee * * * against liability for damages arising out of bodily injury to persons or damage to property initiated or proximately caused by or resulting from the negligence of the promisee * * * is against public policy and is void. Nothing in this section shall prohibit any person from purchasing insurance * * * for his own protection[.]

{¶ 13} In support of its argument, the city relies on *Stickovich v. Cleveland* (2001), 143 Ohio App.3d 13, 757 N.E.2d 50. However, *Stickovich* is distinguishable from the instant case.

{¶ 14} *Stickovich* was decided on the narrow issue of "waiver" because the insurer never raised the argument that R.C. 2305.31 prohibited the city from coverage as an additional insured on the contractor's general-liability insurance policy.

{¶ 15} In *Stickovich,* the city had sought additional-insured status under R.C. 2744.08(A)(1). In addition to addressing the waiver issue, the court discussed R.C. 2305.31 in detail and determined that this statute does not apply to political subdivisions because it does not expressly include public agencies. However, as the dissent in *Stickovich* noted:

The holding of the majority opinion is very narrow[.] * * * I [am] of the opinion that R.C. 2305.31 * * * would render the contract void *ab initio*, and that we should not apply the waiver rule to give vitality to an otherwise void contract. * * * I am compelled to point out that the majority's discussion [beyond the "Waiver" section] is *dicta* in its purest form, being wholly unnecessary to the very narrow point of law—the waiver issue—that forms the basis of the majority's resolution of the case.

Id. at 43.

{¶ 16} Because the city relies on dicta to support its position that R.C. 2305.31 is inapplicable to political subdivisions, we find that its reliance on *Stickovich* is misplaced.

{¶ 17} Vandra relies on *Kendall v. U.S. Dismantling Co.* (1985), 20 Ohio St.3d 61, 20 OBR 360, 485 N.E.2d 1047, and argues that R.C. 2305.31 prohibits

indemnity agreements in construction-related contracts where the promisor agrees to indemnify the promisee for damages caused by the negligence of the promisee. Vandra claims that such indemnity clauses are void and against public policy. In *Kendall,* American Cyanamid ("Cyanamid") had filed a cross-claim for indemnification against U.S. Dismantling Company ("Dismantling") based on an indemnity agreement in their contract after both were sued by an injured Dismantling employee. The contract provided that Dismantling would indemnify Cyanamid even if the *"loss, damage, injury or liability is contributed to by the negligence of [Cyanamid] or its employees."* (Emphasis sic.) Id. at 63. The Ohio Supreme Court held: "R.C. 2305.31 prohibits indemnity agreements, in the construction-related contracts * * * whereby the promisor agrees to indemnify the promisee for damages caused by or resulting from the negligence of the promisee, regardless of whether such negligence is sole or concurrent." Id. at paragraph one of the syllabus.

{¶ 18} In the instant case, the Dawsons' complaint alleges negligence against the city and Vandra. The city's contract with Vandra provides that Vandra shall indemnify, defend, and hold the city harmless against all claims occurring during the performance of the contract. A review of the record reveals that the potholes James hit were existing potholes not caused by Vandra. The city failed to support its motion for summary judgment with any evidence that Vandra's negligence caused the accident. Furthermore, R.C. 2305.31 prohibits the city from seeking indemnification from Vandra for damages caused by or resulting from the city's negligence of the promisee, regardless of whether such negligence is sole or concurrent. Because there is no genuine issue of fact with respect to Vandra's negligence and the indemnification agreement is void, the city's indemnification claim against Vandra must fail.

{¶ 19} Accordingly, the trial court's decision granting summary judgment in favor of Vandra and denying the city's motion for summary judgment was proper.

{¶ 20} Therefore, the first and second assignments of error are overruled.

ASSIGNMENT OF ERROR THREE

The trial court erred when it granted [Cincinnati's] motion for summary judgment because [the city] was entitled to additional insured coverage.

{¶ 21} The city argues that it is entitled to coverage as an additional insured on the Cincinnati policy. Cincinnati argues that the policy does not afford the city coverage because the Dawsons' complaint alleges a "direct" negligence claim against the city.

{¶ 22} In the instant case, the Cincinnati policy provides:

[Cincinnati] will pay those sums that [Vandra] becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this

insurance applies. We will have the right and duty to defend [Vandra] against any "suit" seeking those damages. However, we will have no duty to defend [Vandra] against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

{¶ 23} The additional insured endorsement modified the policy to include:

[The city] * * * as [an] ADDITIONAL INSURED * * * but only with respect to liability arising out of "your work" performed for that additional insured by you [Vandra] or on your behalf.

* * *

The insurance provided to the additional insured does not apply to: "bodily injury" [or] "property damage" * * * arising out of the * * * [s]ole negligence or willful misconduct of * * * the additional insured or its "employees."

{¶ 24} In *Sprouse v. Kall,* Cuyahoga App. No. 82388, 2004-Ohio-353, 2004 WL 170451, this court examined an additional-insured endorsement similar to the endorsement in the instant case and held:

The "additional insured" provision in the policy at issue is intended to protect [the additional insured] from vicarious liability for the acts or omissions of [the named insured]. The provision limited [the insurer's] duty to defend [the additional insured] to allegations that would make [it] liable based upon [the named insured's] conduct, and the duty to defend did not extend to any claim based on [the additional insured's] independent acts or omissions.

* * *

Secondary [or vicarious] liability arises when one party is held responsible based solely on its relationship with the responsible actor.

(Citations omitted.) Id. at ¶ 9, 16.

{¶ 25} *Sprouse* further noted:

An insurer's duty to defend first depends upon the "scope of the allegations of the complaint * * *, and where the complaint brings the action within the coverage of the policy the insurer is required to make a defense, regardless of the ultimate outcome of the action or its liability to the insured." *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874, paragraph two of the syllabus. If the complaint is ambiguous or does not clearly state a covered claim against the insured, the "scope of allegations" includes any claim "potentially or arguably within the policy coverage[.]" *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555, syllabus. In such a case, the obligation to defend continues until the complaint is confined to claims that are not covered under the policy. Id. at 179 [9 OBR 463], 459 N.E.2d 555. However, even when the insurer agrees to defend groundless, false, or fraudulent claims, "if the conduct alleged

in a complaint is indisputably outside the scope of coverage, there is no duty to defend." *Cincinnati Ins. Co. v. Anders,* 99 Ohio St.3d 156, 2003-Ohio-3048, 789 N.E.2d 1094, at ¶ 51. The focus is not on whether liability can be shown, but on whether the conduct giving rise to the claim would be covered under the policy.

Id. at ¶ 10.

{¶ 26} Here, as an additional insured on the Cincinnati policy, the city is protected in situations where it is secondarily liable for Vandra's acts. The Dawsons do not allege that the city is liable because of Vandra's conduct. Rather, the complaint alleges that the city was independently negligent for allowing dangerous conditions to exist on Western Avenue. There is no evidence that Vandra's negligence caused the accident. Furthermore, the Dawsons seek judgment against the city and Vandra jointly and severally. Joint and several liability arises when two or more parties are held liable for action causing injury. See *Sprouse,* 2004-Ohio-353, 2004 WL 170451, at ¶ 16. Thus, the Dawsons' claim of independent negligence against the city is not within the scope of the additional insured endorsement, and Cincinnati has no duty to defend.

{¶ 27} Accordingly, the trial court's decision granting summary in favor of Cincinnati was proper.

{¶ 28} Therefore, the third assignment of error is overruled.

Judgment affirmed.

GALLAGHER, P.J., concurs.

STEWART, J., concurs in part and dissents in part.

STEWART, Judge, concurring in part and dissenting in part.

{¶ 29} I concur in the decision to affirm the trial court's denial of summary judgment in favor of the city against Vandra regarding indemnification. I do so because there has been no determination made with regard to whose negligence, if any, caused Dawson's accident. Without this determination having been made, I do not see how it can be decided whether indemnification is applicable. For the same reason, I dissent from the decision to affirm the trial court's grant of summary judgment in favor of Vandra regarding indemnification.

{¶ 30} The majority concludes that R.C. 2305.31 prohibits the indemnity agreement at issue in this case. The majority opinion states, "Because there is no genuine issue of fact with respect to Vandra's negligence and the indemnification agreement is void, the city's indemnification claim against Vandra must fail." However, R.C. 2305.31 does not prohibit the city from seeking indemnification even if, as the majority asserts, the city seeks indemnification for its negligence.

R.C. 2305.31 "prohibits only construction indemnity agreements that indemnify 'against liability for damages * * * initiated or proximately caused by or resulting from the negligence of the promisee.'" *Stickovich v. Cleveland* (2001), 143 Ohio App.3d 13, 34, 757 N.E.2d 50. There has been no determination of what caused Dawson's accident. Additionally, similar to the situation in *Stickovich,* this case does not literally involve indemnity. There has been no finding of liability rendered against the city, let alone a final judgment requiring the city to pay any amount to the injured parties. The Dawsons allege that both the city and Vandra were negligent and that the negligence caused their injuries. Until these allegations have been resolved, any discussion of indemnity is premature.

{¶ 31} I disagree also with the majority's decision to affirm summary judgment in favor of Cincinnati. Cincinnati provided insurance coverage to the city as an additional insured. The policy specifically exempts insurance coverage to the additional insured (the city) for injury or damage that arises from the "sole negligence or willful misconduct of the additional insured or its employees." Again, because there has been no determination made with regard to what caused Dawson's accident and subsequent injuries, it is unclear whether his injuries arose from the "sole negligence or willful misconduct" of the city or any of its employees. The majority takes the position that because the Dawsons allege direct negligence against the city as opposed to an allegation of secondary liability, Cincinnati has no duty to defend. Similar reasoning would apply to deny summary judgment—that is, because the Dawsons allege also that Vandra's actions or inactions caused their injuries, any negligence on the city's part was not "sole negligence" or "willful misconduct." If Vandra were not named as a defendant in this case, summary judgment in favor of Cincinnati would likely be appropriate. I agree that Cincinnati's duty to defend the city as an additional insured is not absolute. However, I do not believe that summary judgment in favor of Cincinnati was warranted in this case.